**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maki Gurashi, | No. CV-23-01517-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| ATCO Rubber Products, | |
| Defendant. | |

Pending before the Court is Defendant's motion for judgment on the pleadings. (Doc. 10.) For the following reasons, the motion is granted and the complaint is dismissed with leave to amend.[1]

## BACKGROUND

On July 6, 2023, Plaintiff, proceeding pro se, initiated this action in Maricopa County Superior Court. (Doc. 1-3 at 2.) The complaint alleges as follows:

> On September 21, 2021, I was working in ATCO Rubber Products warehouse located at 4450 W. Gibson Ln, Phoenix, AZ 85043. During working hours, I attempted to lift a product with a forklift, and the forklift tipped over and landed on my right leg [which] got caught between the floor and the metal bar of the forklift, crushing my right leg from the knee to the ankle caus[ing] fractures to my leg. The injury to my leg caused disability, and since then, following physicians for treatment and have been unable to work after the incident. [sic]

(*Id.* at 3.)

In the section of the complaint form entitled "Nature of Action," which requires the

---

[1] *Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1346 (C.D. Cal. 2014) ("Courts have discretion to grant Rule 12(c) motions with leave to amend.").

plaintiff to "[p]lace an 'X' next to the one case category that most accurately describes [his or her] primary case," Plaintiff selected "non-death/personal injury" under the category header "tort motor vehicle." (*Id.* at 6.)

On July 31, 2023, Defendant removed the action. (Doc. 1.)

On August 7, 2023, Defendant filed an answer. (Doc. 6.)

On August 10, 2023, the Court ordered the parties to meet, confer, and develop a Rule 26(f) Joint Case Management Report no later than September 7, 2023. (Doc. 9.)

On August 31, 2023, Defendant filed a motion for judgment on the pleadings. (Doc 10.) Because Plaintiff is not a registered user of the Court's electronic noticing system, Defendant mailed the motion to Plaintiff by post. (*Id.* at 3.)

On September 5, 2023, Plaintiff filed a unilateral Rule 26(f) report. (Doc. 11.)

On September 7, 2023, Defendant filed a separate unilateral Rule 26(f) report. (Doc. 12.) Defendant's report indicated that the parties had not meaningfully conferred because when Plaintiff called defense counsel to confer on September 5, 2023, he indicated that he had retained an attorney, and defense counsel discontinued the call "with instructions for Plaintiff's attorney to contact Defense Counsel." (*Id.* at 1.) However, two days later, Plaintiff "advised that he did not retain an attorney" and "was not prepared to confer and develop a Rule 26(f) Joint Case Management Report." (*Id.*)

The deadline for Plaintiff to respond to Defendant's motion for judgment on the pleadings was September 14, 2023. LRCiv 7.2(c) (response is due within 14 days of service of motion); Fed. R. Civ. P. 5(b)(2)(C) (service is complete upon mailing). Plaintiff did not respond.

**DISCUSSION**

I.   Legal Standard

Rule 12(c) motions "are functionally identical" to Rule 12(b) motions—the "principal difference" between them is "the time of filing." *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Here, the 12(c) motion for judgment on the pleadings is "equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which

relief could be granted" and therefore the same legal standard applies. *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Dismissal "is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017).

II.     Analysis

"In Arizona, an action in tort for personal injuries may be brought where a complainant can establish a breach of a duty and injuries proximately caused by the breach." *Ford v. Revlon, Inc.*, 734 P.2d 580, 587 (Ariz. 1987). Under Arizona law,

employers have a duty to supply "proper tools and safe working conditions" to their employees. *Smith v. Goodman*, 430 P.2d 922, 927 (Ariz. App. 1967). Plaintiff has alleged facts establishing the existence of a duty because he alleged that he was an employee and was working on the job site at the time of his injury, and Plaintiff also adequately alleged that he was physically injured.

Plaintiff has not, however, adequately alleged a breach of Defendant's duty. That is, there are no allegations in the complaint establishing that there was something wrong with the forklift or otherwise unsafe about the working conditions that proximately caused the forklift to tip over. Without allegations establishing a breach of duty, an action in tort for personal injuries cannot be maintained. *Ford*, 734 P.2d at 587.

Because the pleading can be cured by the amendment of additional facts, Plaintiff is granted leave to amend his complaint. The amended complaint will supersede the original, such that the amended complaint should be drafted to identify the claim and plead all relevant facts in a standalone document—it may not incorporate the original complaint by reference, and the original complaint will be regarded as a nullity following the filing of the amended complaint.

As a final matter, Plaintiff is cautioned to carefully read and adhere to all orders and to carefully read and adhere to the federal and local rules of civil procedure. For now, the Court will suspend the requirement that the parties file a joint Rule 26(f) report, but that requirement will be reinstated if and when Defendant files an answer to any amended complaint. If, at that time, Plaintiff disregards the order to meet and confer and *jointly* prepare the Rule 26(f) report, or if Plaintiff violates any further court orders, Plaintiff may face sanctions up to and including dismissal of the action. Plaintiff is also cautioned that failure to respond to motions can result in the summary grant of those motions. LRCiv 7.2(i).

Accordingly,

**IT IS ORDERED** that Defendant's motion for judgment on the pleadings (Doc. 10) is **granted**.

**IT IS FURTHER ORDERED** that the complaint (Doc. 1-3) is **dismissed** with leave to file an amended complaint by **October 9, 2023**. The amended complaint must adhere to LRCiv 7.1.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint by **October 9, 2023**, the Clerk of Court shall terminate the action without further notice.

Dated this 19th day of September, 2023.

Dominic W. Lanza
United States District Judge