**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Maki Gurashi,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ATCO Rubber Products,<br><br>　　　　　Defendant. | No. CV-23-01517-PHX-DWL<br><br>**ORDER** |

　　　　On September 19, 2023, the Court granted a motion for judgment on the pleadings filed by Defendant ATCO Rubber Products ("Defendant"). (Doc. 13.) The order explained that the complaint filed by *pro se* Plaintiff Maki Gurashi ("Plaintiff") was deficient because it failed to "adequately allege[] a breach of Defendant's duty. That is, there are no allegations in the complaint establishing that there was something wrong with the forklift or otherwise unsafe about the working conditions that proximately caused the forklift to tip over." (*Id.* at 4.) Finally, even though Plaintiff had not responded to Defendant's motion, the Court granted him leave to amend. (*Id.*) However, the Court "cautioned" Plaintiff "to carefully read and adhere to all orders and to carefully read and adhere to the federal and local rules of civil procedure." (*Id.*)

　　　　Following the issuance of this order, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 14.) In the FAC, Plaintiff alleges that he suffered a severe leg injury when "the defendant's equipment (forklift) I was operating . . . tipped over my leg." (*Id.* at 4.) Plaintiff further alleges that "[t]he defendant omitted specific facts from their ADOSH

report, such as forklift maintenance records, clear pictures from different angles of the incident, and a video record that should be attached to the incident report." (*Id.*) Enclosed as an attachment to the FAC is an incident report that Defendant provided to the Industrial Commission of Arizona, Division of Occupational Safety and Health ("ADOSH"). (*Id.* at 8-9.) The report identifies Plaintiff as "an employee" who suffered the leg injury while "operating a forklift, when putting finish goods away in the warehouse." (*Id.* at 8.) Also enclosed as an attachment to the FAC is a response letter from ADOSH, which again identifies Plaintiff as "an employee" of Defendant. (*Id.* at 7.)

Now pending before the Court is another Rule 12(c) motion for judgment on the pleadings. (Doc. 19.) Defendant argues the FAC remains deficient because it "does not allege a single act or omission of Defendant that caused Plaintiff harm. It does not articulate any duty owed by Defendant to Plaintiff, any negligent act or omission of Defendant, or any other cognizable cause of action. Plaintiff's amended complaint alleges only that Defendant owned a forklift, which tipped over while Plaintiff was operating it." (*Id.* at 3.) Defendant further argues that Plaintiff cannot cure this deficiency through the assertion of additional facts because "[p]resumably, Plaintiff intends to bring a premises liability action against his employer for a workplace injury" but "an employee injured in the performance of his job duties may not sue his employer in tort. . . . Any further factual allegations concerning duty and breach would necessarily depend on Plaintiff and Defendant's employment relationship, which would thus bar Plaintiff's action under the exclusive remedy provision of Arizona's workers' compensation laws." (*Id.* at 3-4, citation omitted).

During the Rule 16 conference on December 11, 2023, the Court specifically reminded Plaintiff of his responsibility to respond to Defendant's motion. (Doc. 20.) Unfortunately, Plaintiff did not heed his reminder—the deadline to respond has now expired and Plaintiff did not file a response (just as he did not respond to Defendant's last motion for judgment on the pleadings). For this reason alone, Defendant's current motion is granted summarily. *See* LRCiv 7.2(i) ("[I]f [an] unrepresented party . . . does not serve

and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."). Alternatively, even if LRCiv 7.2(i) weren't implicated, Defendant would be entitled to relief on the merits. As Defendant correctly notes, the FAC does not articulate any negligent act or omission by Defendant.

Finally, Plaintiff is not entitled to leave to amend. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988). Here, it is absolutely clear that Plaintiff could not cure the deficiency identified above through the assertion of additional facts—as Defendant correctly notes, any additional factual allegations would confirm (to the extent the current FAC does not already establish)[1] that Plaintiff's claim is barred by the exclusive-remedy provision of Arizona's workers' compensation scheme. A.R.S. § 23-1022(A) ("The right to recover compensation pursuant to this chapter for injuries sustained by an employee . . . is the exclusive remedy against the employer . . . ."); *Eichenberger v. Falcon Air Exp. Inc.*, 2014 WL 3819355, *4-5 (D. Ariz. 2014) ("The workers' compensation statute provides the exclusive remedy for injuries sustained by an employee against the employer or a co-employee acting within the scope of his or her employment. Injuries caused by an employer's negligence fall under this exclusive remedies provision. . . . There is a willful misconduct exception in A.R.S. § 23-1022(A), but . . . Plaintiff has not argued that this exception applies, and it would not logically apply to a claim based on negligence. The Court concludes that Plaintiff's NIED claim fails as a matter of law.") (cleaned up); *Gamez v. Brush Wellman, Inc.*, 34 P.3d 375, 378 (Ariz. Ct. App. 2001) ("It is well settled that work related injury claims are generally addressed exclusively under Arizona's workers' compensation scheme.").

---

[1] Arguably, the materials attached to the FAC (and thus incorporated by reference in the FAC) already establish that Plaintiff was working as an employee of Defendant at the time of the accident. (Doc. 14 at 7-9.) This is consistent with Plaintiff's description of his claim in the Rule 26(f) report. (Doc. 17 at 2 ["This matter arises from a workplace incident occurring at the ATCO Rubber Products warehouse . . . ."].)

1  Accordingly,

2  **IT IS ORDERED** that Defendant's motion for judgment on the pleadings (Doc.
3  19) is **granted**.  The Clerk shall enter judgment accordingly and terminate this action.

4  Dated this 29th day of December, 2023.

Dominic W. Lanza
United States District Judge